IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES                                                              PLAINTIFF/RESPONDENT

V.                    No.  02:08-CR-20022
                      No.  02:11-CV-02103

ARNULFO BENTANCORT-SALAZAR                                       DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Correct Plain Error (ECF No. 108 ) filed August 12, 2013.  The United States of America filed a Response (ECF No. 109) on October 17, 2013.  The Petitioner has not filed a Reply and the matter is ready for Report and Recommendation.

### I.  Background

On March 5, 2008, Betancort was indicted on one count of possessing with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and one count of unlawful re-entry in violation of 8 U.S.C.§§ 1326(a) & (b)(1). (ECF No. 5). Betancort appeared with appointed counsel, John Schisler, on March 13, 2008, for arraignment on the two-count Indictment and entered a plea of not guilty. (ECF No. 7).

On May 30, 2008, a notice of appearance was filed by Kimberly Weber appearing for Betancort (ECF No. 15) and Betancort filed a Motion for Substitution of Counsel to allow for the withdrawal of John Schisler (ECF No. 17). Thereafter, on June 2, 2008, John Schisler filed his motion to withdraw. (ECF No. 19). The Court granted Mr. Schisler's motion that same day. (ECF No. 20).

The United States filed an eight-count superseding indictment on August 20, 2008, of which five counts were charges against Betancort. (ECF No. 24). Count 1 charged Betancort with conspiring to distribute a controlled substance in violation of 21 U.S.C. § 841(a) (1); Count 5 charged Betancort with distributing a controlled substance in violation of 21 U.S.C. §§' 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2; Count 6 charged Betancort with possessing with intent to distribute a controlled substance in violation of 21 U.S.C. " 841(a)(1) and (b)(1)(B)(viii); Count 7 charged Betancort with maintaining a residence for the purposes of distributing a controlled substance in violation of 21 U.S.C. § 856(a)(1); and Count 8 charged Betancort with illegal re-entry in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Betancort appeared with Ms. Weber on August 28, 2008, for arraignment on Counts 1, 5, 6, 7, and 8, and entered a not guilty plea. (ECF No. 32). The Court then reset Betancort=s trial date to October 2, 2008. (ECF No. 36).

On October 1, 2008, Betancort appeared before the Court for a change of plea hearing and pled guilty to Count 8 of the Indictment which charged him with illegal re-entry. (ECF No. 50).

Betancort's trial commenced on October 2, 2008, and a jury verdict was returned on October 3, 2008, finding him guilty on Counts 1, 5, 6, and 7. (ECF No. 55).

On November 25, 2008, Ms. Weber filed a motion to withdraw as Betancort's attorney. (ECF No. 56). The Court approved Ms. Weber=s motion the next day. (ECF No. 57). On December 8, 2008, Betancort filed a pro se motion to appoint counsel (ECF No. 58) and a motion to proceed in forma pauperis on December 16, 2008 (ECF No. 59). The Court approved both motions on December 16, 2008, and Mr. Schisler was once again appointed to represent Betancort. (ECF No. 60).

The U.S. Probation Office prepared Betancort's initial Presentence Investigation Report

("PSR") on December 22, 2008. The United States informed the U.S. Probation Office that it had no objections to the PSR on December 31, 2008. Mr. Schisler advised the U.S. Probation Office on January 6, 2009, that Betancort had three objections to the report in which he objected to using an alias, objected to the jury verdict denying the content of the PSR relating to those convictions, and objected the criminal history listed in his PSR. (Add. to PSR).

The U.S. Probation Office revised Betancort's PSR on February 3, 2009. In determining Betancort's adjusted offense level, the U.S. Probation Office applied the multiple-count adjustment pursuant to U.S.S.G. § 3D1.4. Group one consisted of the drug related convictions, which carried an adjusted offense level of 34 and one "unit." (PSR, & 48). Group two consisted of the unlawful re-entry conviction, which carried an adjusted offense level of 12 and no "units." (PSR, & 49). The PSR selected the Guideline range that applied to group one because that group had the higher adjusted offense level (34 instead of 12). Betancort had 5 criminal history points which established a criminal history category of III. (PSR, & 69). For offense level 34 and a criminal history category of III, the Guideline table yielded a suggested range of 188 - 235 months in prison. (PSR, & 87).

On February 26, 2009, Betancort appeared with counsel, John Schisler, before the District Court for sentencing. (ECF No. 64). At sentencing, the Court found Betancort guilty on Counts 1, 5, 6, 7, and 8 and sentenced him to 144 months imprisonment on Counts 1, 5, 6, and 7 and 120 months imprisonment on Count 8, with the terms to run concurrently, $1,500 fine, $500 special assessment, and no supervised release. (ECF No. 65).

On February 1, 2010, the Eighth Circuit affirmed the judgment in Betancort's case. Id. Betancort then petitioned the Supreme Court for a writ of certiorari and motion for leave to proceed in forma pauperis on April 27, 2010. (Supreme Court, Dkt. 09-10557). The Supreme

Court denied Betancort's petition on June 14, 2010. *Betancort-Salazar v. United States*, 130 S.Ct. 3428, 177 L. Ed.2d 337 (2010).

On June 2, 2011, Betancort filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (ECF No. 82). The United States filed its response on June 22, 2011. (ECF No. 86). On August 26, 2011, a Report and Recommendation was issued recommending Betancort's motion filed under 28 U.S.C. §2255 be dismissed with prejudice. (ECF No. 88). The Court issued is Order adopting the Report and Recommendation on October 3, 2011. (ECF No. 91).

On November 16, 2011, Betancort filed a notice of appeal (ECF No. 92) and a Motion for Certificate of Appealability (ECF No. 93). The Court declined to issue Betancort a certificate of appealability. (ECF No. 98). On June 22, 2012, the Eighth Circuit denied Betancort's request for a certificate of appealability. (ECF No. 105). Betancort then petitioned for a writ of certiorari on October 23, 2012, (ECF No. 106), which was denied on November 27, 2012 (ECF No. 107).

Betancort now files what he titles a Motion to Correct Plain Error Pursuant to Federal Rules of Criminal Procedure Rule 52(b). (ECF No. 108).

## II. Discussion

**A. Rule 52(b):**

Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed.R.Crim.P. 52(b). The Supreme Court has expressly held that Rule 52(b) "was intended for use on direct appeal," and thus the "plain error" standard of review established by the Rule "is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review . . ."

*United States v. Frady,* 456 U.S. 152, 164 (1982). Simply put, Betancort cannot seek post-conviction relief under Rule 52( b) and the only avenue available to him is under 28 U.S.C. §2255.

**B.  Section 2255**:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.  28 U.S.C.A. § 2255.

The Defendant contends that the probation department did not properly calculate the drug quantity in assessing his criminal history score. (ECF No. 108, p. 8). Specifically he states:

> Prior to the sentencing, the probation department submitted a presentence investigation report to the Court [hereinafter PSR]. The PSR assigned a base offense level of 32 pursuant to section 2D1.1 that was then adjusted by two levels pursuant to section 3D1.1(c), for a total offense level of 34 with a criminal history category of III, the guideline range was 188 to 234 months. The petitioner was then sentenced to a term of imprisonment of 144 months.
> According to the united States Sentencing Guideline Manual Section 2D1.1, the correct base offense level for a conviction of at least five grams of pure methamphetamine but
> less than 20 grams is a level 26. "See Section 2D1.1 of the Sentencing Guidelines.
> Based on the jury verdict and drug amount found by the jury, a level 26 is the correct base offense level for this case. A base offense level of 26 and a criminal history
> category III establishes a correct guideline range of 78 to 97 months imprisonment.
> This is a clear error that caused the petitioner to be sentenced to at least 47 months above the correct guideline and maybe as much as 66 months.

The Defendant's Motion, even if considered by the court as being filed under 28 U.S.C. §2255, fails for the following reasons.

**1.  Jurisdictional requirements:**

    **a.  Statute of Limitations:**

The Defendant's judgment of conviction, issued February 27, 2009 (ECF No 65) became final after he exhausted his appeal and certiorari was denied, which occurred on June 14, 2010. His time for filing his contention of ineffective assistance of counsel expired on June 14, 2011.

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The Defendant's motion is filed August 12, 2013, falls well outside of the limitations period, and is barred because it was not timely filed. Even if the motion was timely it could not be considered because a previous 2255 motion has been filed by the Defendant.

    **b.  Successive Motion**

Before a second or successive 2255 motion may be considered by the district court, the Defendant must first move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §2255(h), 2244(b).

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

>(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C.A. § 2255(h).

The Defendant filed his first motion under 2255 on June 2, 2011 (ECF No. 82) which was denied October 3, 2011 (ECF No. 91) and Affirmed by the 8th Circuit on August 13, 2012 (ECF No. 105). The Defendant has not sought permission from the 8th Circuit to file a successive motion under 2255 but seeks to circumvent that requirement, without success, by styling his motion as being one under Rule 52(b). His motion, therefore, could not be considered by this court because the Defendant has not sought permission from the 8th Circuit, however, even if the court were to consider the Defendant's motion on the merits it would fail.

### 2. Substance of Claim

The Defendant was convicted of Conspiracy to Distribute Methamphetamine as Charged in Count One of the Indictment (ECF 55, p. 1), Distribution of More than Five Grams of Actual Methamphetamine as charged in Count Two (Id., p. 2), and Possession with Intent to Distribute More than Five Grams of Actual Methamphetamine as Charged in Court Six of the Indictment (Id., p. 3).

Because of the conspiracy claim the probation office determined relevant conduct to include transactions which amounted to actual methamphetamine of 101.85 grams (PSR ¶30-31) which were set forth in paragraphs 20-31 in the PSR. The Defendant's attorney objected to these

paragraphs in a letter to the probation officer on January 6, 2009. (PSR, p. 17). The court had presided over the trial of the Defendant, listened to the arguments of the Assistant United States Attorney and the Defendant's attorney. The court then stated that "I think the Pre-sentence Report is accurate and is in conformity and in keeping with what the jury determined." (ECF No. 75-3, p. 146).

The substance of the Defendant's claim is without merit because the jury determined that the Defendant had conspired to distribute "more than 5 grams".

### III.  Conclusion

Based upon the forgoing I recommend that the instant Motion to Correct Sentence Pursuant to Federal Rules of Criminal Procedure 52(b) (ECF No. 108) be **DENIED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED November 27, 2013.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE